UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| Hillary N. Fitzhugh, | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | FILE NO. _____ |
| V. | ) | |
| | ) | |
| AB McDonough's, Inc. and | ) | |
| William R. Lee, Sr. | ) | JURY TRIAL REQUESTED |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Hillary Fitzhugh ("Ms. Fitzhugh" or "Plaintiff") files this Complaint against AB McDonough's, Inc. ("McDonough's") and William R. Lee, Sr. ("Billy Lee" or "Mr. Lee"), (hereinafter collectively referred to as "Defendants"), showing the Court as follows:

## Introduction

1.

Ms. Fitzhugh is a woman. She was an employee of McDonough's from May 1, 2014 until June 19, 2014, when she was constructively discharged.  Billy Lee is the owner of McDonough's.

2.

This is an action for declaratory and injunctive relief and for compensatory damages and punitive damages for gender discrimination and harassment in employment brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") against McDonough's and Billy Lee, pursuant to the Fair Labor Standards Act ("FLSA"), and pursuant to Georgia tort law against Billy Lee.

## Jurisdiction and Venue

3.

Plaintiff's Title VII and FLSA claims against McDonough's and Billy Lee present federal questions over which the Court has jurisdiction pursuant to 28 U.S.C. § 1343. Plaintiff has ancillary jurisdiction for the state law claims.

4.

Pursuant to 28 U.S.C. § 1391(b), the Court is an appropriate venue for Plaintiffs' claims because Defendants reside and/or conduct business within the Southern District of Georgia and the unlawful employment practices giving rise to Plaintiffs claims occurred in this judicial district.

## Exhaustion of Administrative Remedies

5.

Plaintiff filed a timely charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") encompassing all of the discriminatory conduct that is the subject of this Complaint.

6.

Plaintiff brings this Complaint within ninety (90) days of her receipt of her right to sue letter and, thus, has exhausted her administrative remedies.

## The Parties

7.

Ms. Fitzhugh is a resident of Forsyth County, Georgia and submits herself to the jurisdiction of this Court. Plaintiff was an employee of Defendant McDonough's and Billy Lee at all times relevant to this Complaint, concluding with her unlawful termination.

8.

Plaintiff was employed by Defendants at 20 East Perry Street, Savannah, GA 31401. All or substantially all of the unlawful conduct giving rise to the Complaint occurred at that address.

9.

Defendant McDonough's is a corporation doing business in the State of Georgia in the Southern District of Georgia. McDonough's is therefore subject to this Court's jurisdiction. McDonough's may be served with process through its registered agent for service of process, William R. Lee, Sr. 19-E McDonough Street, Chatham County, Savannah GA 31401.

10.

Defendant Billy Lee is an individual and the CEO, CFO, Secretary, and owner of McDonough's. He has sufficiently comingled the assets of McDonough's to such an extent as to make the corporation and himself indistinguishable. He can be served at William R. Lee, Sr. 19-E McDonough Street, Chatham County, Savannah GA 31401.

**The Facts**

11.

Ms. Fitzhugh was employed by McDonough's d/b/a Billy's Place on May 1, 2014 as a bartender.   Billy's Place was a restaurant upstairs in the McDonough's building. McDonough's and Billy Lee also operated a downstairs bar and an Inn in the same building.   Mr. Lee also has an apartment in the building.  The entire building is wired for surveillance, and Mr. Lee watches what is going on in the building on his I-Pad.

12.

During the entirety of Ms. Fitzhugh's employment, she was sexually harassed and subjected to a sexually hostile work environment by Billy Lee, owner of McDonough's.

13.

During Ms. Fitzhugh's employment, she was subjected to severe and pervasive sexually harassing comments, including:

a) Mr. Lee referring to Ms. Fitzhugh's breasts as "tits".

b) Mr. Lee asking to fondle Ms. Fitzhugh's breasts.

c) Mr. Lee inviting Ms. Fitzhugh to his apartment to show her a good time.

d) Mr. Lee asking Ms. Fitzhugh to sit on the bar so he could "eat her p**sy".

e) Mr. Lee told Ms. Fitzhugh that what he wanted for dessert was not on the menu.

f) Mr. Lee asked Ms. Fitzhugh to show him her underwear.

g) Mr. Lee asked Ms. Fitzhugh to come live in the Inn.

14.

Mr. Lee's behavior escalated to physically assaulting Ms. Fitzhugh, grabbing her bottom and rubbing her thighs.

15.

Mr. Lee's "posse" of friends that came into Billy's Place on a frequent basis would act inappropriately towards her, although they would back off when she made it clear that their advances were unwelcome.   Billy Lee sexually harassed other female employees and customers.

16.

Ms. Fitzhugh was 27 years old when she worked for McDonough's, and Billy Lee was in his eighties.  Throughout her employment, Ms. Fitzhugh made it clear that Mr. Lee's sexual "advances" were unwelcome and that Mr. Lee should stop speaking to her in this inappropriate manner, yet he continued to do so.

17.

Ms. Fitzhugh continued to work at McDonough's because the money was good, and she had bills to pay, even though Billy Lee's outrageous behavior was repulsive to her.

18.

Ms. Fitzhugh was obliged to split her tips with her manager Alan Larkin, in violation of the Fair Labor Standards Act.

19.

Ms. Fitzhugh's last work evening was on June 19, 2014.  Earlier that evening Billy Lee had been distressed that his manager Alan Larkin did not come to work on time. Ms. Fitzhugh was handling the entire bar that evening, with Billy Lee constantly fussing at her, and attempting to reach Mr. Larkin.  Mr. Lee was particularly irritated, because he learned that Ms. Fitzhugh had begun to date Mr. Larkin.  After Ms. Fitzhugh's shift was over, she went to the downstairs' bar.

20.

Ms. Fitzhugh found Alan Larkin in the bar downstairs with a musician (singer/guitarist) for the bar.  The singer was intoxicated, but was trying to drive home. The singer and Mr. Larkin decided that the singer should take a cold shower to sober up in one of the Inn rooms (which had been done in the past with Billy Lee's blessing).

21.

Alan Larkin, the manager, helped the singer to the Inn room, while Ms. Fitzhugh sat downstairs on the sidewalk at a table outside the Inn door, waiting for the singer to finish showering.  Larkin went back downstairs to the bar.

22.

While the singer was in the shower, the concierge of the Inn, Janice, came to Ms. Fitzhugh and told her that Billy Lee had called her and stated that "Alan has his whore in room number one, f**king her" and meant Ms. Fitzhugh (he thought it was Ms. Fitzhugh in the room).  Janice said that Billy was on his I-pad looking at the surveillance cameras.  Fitzhugh and Janice knocked on the door of the Inn room, and the singer came to the door in a towel. Ms. Fitzhugh went back downstairs and found Larkin, and told him to call Billy Lee.  Mr. Larkin refused to call Mr. Lee, but Mr. Lee called Larkin and Lee was screaming at Larkin so loudly that Fitzhugh could hear him, swearing and accusing Larkin and Fitzhugh of "f**king" in the room.

23.

Ms. Fitzhugh was mortified that Billy Lee was not only making his own sexual advances to her, but when she refused to submit to him, and began dating Mr. Larkin, he humiliated her by falsely accusing that she was sleeping with Mr. Larkin in the Inn, not only to Mr. Larkin, but to the Inn concierge Janice.  Ms. Fitzhugh refused to return to work.

24.

Ms. Fitzhugh obtained another job at the Kayak Kafe in August 2014.   An employee of McDonough's named Alex came into the Kayak Kafe and when she saw Ms. Fitzhugh working there, began to talk to the manager Taylor.   Taylor then asked Ms. Fitzhugh why she left Billy's Place (Fitzhugh had previously said it was because of differences of opinions) and Ms. Fitzhugh admitted that she had been sexually harassed, and had filed a claim against McDonough's. Shortly thereafter the manager Taylor said that Fitzhugh was no longer needed because of the "lawsuit" (really a claim at that point).   Ms. Fitzhugh was given a separation notice that stated the Kayak Kafe was overstaffed, but the restaurant continued to advertise for staff.

25.

As a result of being unable to obtain employment in Savannah as a result of Defendants' actions (by and through their employees), Ms. Fitzhugh had to move out of town.

## CLAIMS FOR RELIEF
## COUNT I
## Sexual Harassment - Title VII
(Against Defendants McDonough's and Billy Lee)

25.

Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

26.

At all times relevant to this Complaint, Plaintiff was an "employee" as defined by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

27.

Defendant McDonough's is an "employer" as defined by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

28.

Defendant McDonough's discriminated against Plaintiff because of her gender by allowing pervasive sexual harassment and in constructively discharging her. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

29.

During the course of Plaintiff's employment by McDonough's, Billy Lee, President of McDonough's, repeatedly made physical and sexual overtures toward Ms. Fitzhugh, which were severe or pervasive, and which created a sexually hostile environment.

30.

Ms. Fitzhugh refused Mr. Lee's advances.

31.

As a consequence of Ms. Fitzhugh's refusal to capitulate to Mr. Lee's sexual advances, McDonough's constructively terminated Ms. Fitzhugh's employment.

32.

Defendant McDonough's willfully and wantonly disregarded Plaintiff's rights when it constructively discharged Plaintiff, an act that was undertaken in bad faith.

33.

As a result of Defendant's unlawful actions, Plaintiff has suffered lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

## COUNT II

### FAIR LABOR STANDARDS ACT
(Against Defendant McDonough's and Defendant Billy Lee)

34.

Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

35.

This action is brought to recover from Defendants unpaid tips, as well as an additional equal amount as liquidated damages, and costs and reasonable attorney's fees under the provisions of the Act of June 25, 1938, ch. 676, 52 Stat 1069, 29 U.S.C.A. §§ 201 to 219, known as the Fair Labor Standards Act, a law of the United States regulating interstate commerce, here referred to as the Act.

36.

Defendant McDonough's is an enterprise subject to the Fair Labors Standards Act. Defendant McDonough's, doing business as Billy's Place, is a restaurant.

37.

Defendants have operational control of Defendant McDonough's covered enterprise and are employers, jointly and severally liable under 29 U.S.C.A. §§ 201 to 219, known as the Fair Labor Standards Act, a law of the United States regulating interstate commerce (herein referred to as the FLSA) for unpaid wages.

38.

At the times hereinafter mentioned, Defendant Lee was an employer of Plaintiff within the meaning of § 3(d) of the Act (29 U.S.C.A. § 203(d)).

39.

At the times pertinent to this complaint, Defendants failed to comply with the Fair Labor Standards Act, in that Plaintiff was obliged to split her tips with her manager, in violation of the mentioned Fair Labor Standards Act.

## COUNT III
## Retaliation - Title VII
(Against Defendants McDonough's and Billy Lee)

40.

Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

41.

Defendant McDonough's actions, in subjecting Plaintiff to retaliation for engaging in protected activity by opposing sexual harassment, constitute unlawful intentional retaliation in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e *et seq.* and 42 U.S.C.

42.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

43.

As a result of Defendant's unlawful actions, Plaintiff has suffered lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

## COUNT IV
## ASSAULT
(Against Defendant McDonough's and Billy Lee)

44.

Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

45.

The acts of Defendant Lee, herein enumerated, placed Plaintiff in reasonable apprehension that Defendant Lee would attempt and was attempting to immediately commit a sexual assault.

46.

The acts of Defendant Lee, herein described, placed Plaintiff in reasonable apprehension of immediately receiving an offensive physical touching of her person.

47.

Defendant McDonough's had knowledge through Defendant Billy Lee of his assault, and his assault, and did not protect Ms. Fitzhugh from his actions, thereby ratifying Mr. Lee's actions.

48.

As a direct and proximate result of the joint and several acts of Defendants as described hereinabove, Plaintiff has suffered great emotional and physical injury, and has incurred loss of income and will incur substantial costs for medical attention.

49.

Defendant is liable to Plaintiff for actual and punitive damages for this assault against her person.

## COUNT V
## BATTERY
(Against Defendant McDonough's and Billy Lee)

50.

Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

51.

The acts of Defendant Lee, herein enumerated, wherein he physically offensively touched the person of Plaintiff, resulting in substantial physical and emotional harm to Plaintiff, as well as lost income and costs of medical attention, constitute a battery for which Defendant is liable to Plaintiff for compensatory and punitive damages.

52.

Defendant McDonough's had knowledge through Defendant Billy Lee of his battery, and his assault, and did not protect Ms. Fitzhugh from Lee's actions, thereby ratifying Mr. Lee's actions.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Against Defendant McDonough's and Billy Lee)

53.

Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

54.

The acts of Defendant Lee, herein enumerated, constitute a wanton, voluntary, and intentional wrong, which was so terrifying and insulting as naturally to humiliate, embarrass, and frighten Plaintiff, and said Defendant is therefore liable to Plaintiff for compensatory and punitive damages for the tort of infliction of emotional distress.

55.

Defendant McDonough's had knowledge through Defendant Billy Lee of his intentional infliction of emotional distress, and did not protect Ms. Fitzhugh from Lee's actions, thereby ratifying Mr. Lee's actions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a TRIAL BY JURY and requests the following relief:

(a) Judgment against Defendants;

(b) That Ms. Fitzhugh have and recover from Defendants back pay and lost benefits, with prejudgment interest thereon;

(c) That Ms. Fitzhugh has and recovers front pay and lost benefits;

(d) That Ms. Fitzhugh has and recovers compensatory damages for emotional pain and suffering in an amount to be determined by the enlightened conscience of a jury;

(e) That Ms. Fitzhugh have and recover punitive damages sufficient to punish Defendants for their unlawful conduct and deter them from repeating such conduct in the future, as determined by the enlightened conscience of a jury;

(f) That Ms. Fitzhugh be awarded reasonable attorneys' fees and expenses pursuant to Title VII and the FLSA and

(g) That Ms. Fitzhugh be granted such additional relief as may be just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues triable by jury.

Respectfully submitted this 16th day of May, 2016.

**THE BOWMAN LAW OFFICE**

BY:___/s/ Catherine M. Bowman
          **CATHERINE M. BOWMAN**
          **STATE BAR NO. 494740**
          **Catherine@TheBowmanLawOffice.com**
          **DONALD C. BOWMAN**
          **STATE BAR NO. 072114**
          **Cam@TheBowmanLawOffice.com**
          **ATTORNEYS FOR DEFENDANTS**

**7505 WATERS AVE. D-3**
**SAVANNAH, GEORGIA 31406**
**(912) 401-0121**