UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| Hillary N. Fitzhugh, | ) |
| Plaintiff, | ) CIVIL ACTION |
| | ) FILE NO. 4:16-cv-00113-JRH |
| v. | ) |
| AB McDonough's, Inc. and | ) |
| William R. Lee, Sr. | ) JURY TRIAL REQUESTED |
| Defendants. | ) |

**PLAINTIFF'S MOTION TO ENFORCE THE SETTLEMENT AGREEMENT AND MOTION FOR SANCTIONS**

COMES NOW Hillary N. Fitzhugh and moves this court for an order to enforce the settlement agreement between the parties. Plaintiff also moves for the imposition of sanctions against Defendants for forcing Plaintiff to bring this motion before the court

## I.     FACTS

A.   <u>Underlying Facts Relating to Settlement of the Lawsuit.</u>

On October 26, 2016 the parties settled the present lawsuit. Defendants have failed and refused to execute the settlement agreement. Plaintiffs seek now to enforce the settlement agreement as reflected in the negotiations of the parties and also seek the imposition of sanctions against Defendants for having to file the present motion.

The present case is an action for damages for sexual harassment and retaliation under the terms of Title VII of the Civil Rights Act of 1964, and for damages under the Fair Labor Standards Act. This action was brought on May 16, 2016. The complaint also stated state law claims for assault, battery, and intentional infliction of severe emotional distress. The suit remains pending at this time.

On October 26, 2016 the parties, through their counsel of record, reached a mutually agreed settlement of the lawsuit. The emails between counsel relating to the settlement proposal of Plaintiff and the acceptance of that proposal are attached hereto as Exhibits A, B, C, and D.

Counsel for the parties spoke by telephone on or about November 15, 2016 and agreed to the terms of the written release. See Exhibits E, F, and G, Plaintiff attaches hereto, as Exhibit H the Affidavit of Catherine Bowman concerning the telephonic agreement of Defendants' counsel to the terms of the written release. Pursuant to their agreement Plaintiff Hilary Fitzhugh executed two originals of the agreement which were sent to counsel for Defendant on or before November 30, 2016. Defendant's counsel was notified via e-mail that the original agreement was ready for pick up and for Defendants' signatures on November 30, 2016. See Exhibits I and J attached hereto.

On December 12, 2016, Plaintiff's counsel asked for the executed original release via e-mail. Plaintiff's counsel received no response. On December 14, 2016, Plaintiff's counsel noted via email that the first payment under the terms of the release was due the following day and asked for a copy of the release agreement. See Exhibit K, attached hereto. In response, Defendant's counsel called to Plaintiff's counsel to assure that a check would be forthcoming according to the terms of the agreement, and that Defendants had been advised to sign the agreement and return the same. Defendants apparently wished to include a confidentiality provision in the settlement agreement, and did not want to sign the agreement absent such a non-disclosure provision. See Exhibits L, M, and O attached hereto.

On December 15, 2016 Defendants AB McDonough's Vice-President, Russell Lee, hand-delivered a check to the offices of Plaintiff's counsel, as provided by the terms of the settlement for the first payment of the settlement amount in the amount of $4,291.67. See Exhibits N and O .

On December 20, 2016 Plaintiff's counsel emailed Defendant's counsel giving Defendants through the close of the day for them to execute and return the release agreement. See Exhibit N.

It has been more than five weeks since the release terms were agreed by the parties. It has been three weeks since the original releases were made available to Defendants for execution. At no time have Defendants offered any explanation of their refusal to sign the agreement negotiated and approved by their counsel, other than defense counsel's statement to Plaintiff's counsel that Defendants desired a confidentiality agreement.

Plaintiff's counsel has expended time and effort to prepare the present Motion for submission to the court, as reflected by the affidavit of D. Campbell Bowman, Jr., attached hereto as Exhibit P.

Plaintiff moves this court for an order compelling Defendants to execute the release, and also to award to Plaintiff's attorney's fees and expenses of presenting this motion to the court as a sanction for their failure to abide by the terms of the settlement.

## II. ARGUMENT AND CITATION OF AUTHORITIES

A.   <u>Standard for Evaluation of Motions to Enforce Settlement</u>

Under Georgia law, a Court's review of a motion to enforce a settlement agreement is similar to the analysis that a Court undertakes in reviewing a motion for summary judgment. *Cohen v. Dekalb Cnty. Sch. Dist.,* No. 1:09–cv–1153, 2009 WL 4261161, at *4 (N.D. Ga. Nov.25, 2009), citing *Ballard v. Williams,* 223 Ga. App. 1, 476 S.E.2d 783 (1996). Thus, applying state contract law, the Court must determine whether the movant has shown "that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of the plaintiff's case."

*Ballard,* 223 Ga. App. at 1, 476 S.E.2d 783 (citations omitted). Just as it does during summary judgment, the Court "must draw all disputed factual inferences in the light most favorable to the non-moving party." *Cohen,* 2009 WL 4261161 at *4.

Here, the record reflects that the agreement of the parties to settle Plaintiff's case in exchange for $103,000 was memorialized in e-mails between counsel on October 26, 2016, and by November 15, 2016 counsel for both parties had agreed on the terms of a written release. The original release was made available to Defendants' counsel on November 30, 2016.

B.     Defendant's Counsel had Apparent Authority to Act on Behalf of Defendants.

One of the cornerstones of Georgia law on settlement agreements is the fact that "an attorney of record has apparent authority to enter into an agreement on behalf of his client and the agreement is enforceable against the client by other settling parties." *Brumbelow v. Northern Propane Gas Co.,* 251 Ga. 674, 674, 308 S.E.2d 544 (1983). This authority emanates from the contract between the attorney and his client, and, in the absence of express restrictions on this authority, the authority may be considered plenary by the Court and opposing parties. *Id.* Therefore, "an attorney's consent to the agreement is binding on his client." *Wong v. Bailey,* 752 F.2d 619, 621 (11th Cir.1985) (citing *Stone Mountain Confederate Monumental Assoc. v. Smith,* 170 Ga. 515, 521, 153 S.E. 209 (1930)).

C.     Defendants Have Acted In a Manner Inconsistent with a Rejection of the Settlement.

Importantly, the record is devoid of any evidence demonstrating a lack of assent on Defendants' part. Indeed the record reflects Defendants have complied with the payment terms of the agreement so far, despite an apparent unwillingness to sign the release negotiated on their behalf.

Under Georgia law, the enforcement of a settlement agreement requires that the agreement "meet the same requisites of formation and enforceability as any other contract." *Wong,* 752 F.2d at 621 (citing *McKie v. McKie,* 213 Ga. 582, 583, 100 S.E.2d 580 (1957)). Accordingly, the Court must determine whether there was a meeting of the minds as to the terms of the contract. *Id.* (citing O.C.G.A. § 13-3-2). "Assent to the terms of an agreement can be implied from the circumstances, and conduct inconsistent with a refusal of the terms raises a presumption of assent upon which the other party can rely." *Id.* (citing *Smith v. Hornbuckle,* 140 Ga. App. 871, 875, 232 S.E.2d 149 (1977)). Importantly, on December 15, 2016 Defendants delivered a check in the appropriate amount as required by the terms of the written settlement agreement. As a result, Defendants have acted in a manner inconsistent with a rejection of the terms of the agreement. The fact that Defendants did not sign the agreement does not change the fact that the parties reached an agreement to settle. See Jackson v. Cooper Lighting, LLC, 1:11-CV-067 WLS, 2013 WL 1501611, at *1-2 (M.D. Ga. Apr. 10, 2013)

D.  Attorney's Fee Sanctions Against Defendants Are Appropriate Under the Court's Inherent Power.

Plaintiff also moves for attorney's fees as a sanction for being forced to bring this Motion. Defendants multiplied the proceedings by refusing to execute the Agreement despite agreeing to settle, and their counsel's subsequent acceptance of the Agreement's terms.

Defendants have indicated that they would like to include a confidentiality provision in the terms of the release, that was neither bargained for nor included in the release approved by their counsel. Furthermore, they have refused to sign despite the advice of their counsel to execute the agreement.

The Court has the inherent power to impose sanctions against attorneys or clients, or both, who act "'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001) (quoting *Chambers*, 501 U.S. at 45-46), abrogated on other grounds by *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008). The threshold inquiry for whether sanctions should be imposed based on the Court's inherent power is a finding of bad faith. *Byrne*, 261 F.3d at 1106 (quoting *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998) ("[t]he key to unlocking a court's inherent power is a finding of bad faith.")). "Because the court's inherent power is so potent, it should be exercised with restraint and discretion." Id. (internal quotation marks omitted).

It is clear that Defendants have paid funds to Plaintiff per the settlement agreement, that they have advanced no rejection of it, but that they have also, vexatiously refused to execute the agreement negotiated by their attorney. Plaintiff contends that the Court should impose sanctions on the Defendants for bringing the present motion before the court in the form of attorney's fees and expenses of litigation, as reflected in the affidavit of D. Campbell Bowman, Jr. which is attached as Exhibit P.

This 27th day of December 2016.

/s/ Catherine M. Bowman
Catherine M. Bowman
GA Bar Number 494740
D. Campbell Bowman, Jr.
GA Bar Number 072114
Counsel for Plaintiff

The Bowman Law Office, LLC
7505 Waters Avenue, Suite D-3
Savannah, GA 31406
912-401-0121
912-352-9042 Fax
cam@thebowmanlawoffice.com