IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

```
HILLARY N. FITZHUGH,              *
                                  *
     Plaintiff,                   *
                                  *
     v.                           *     CV 416-113
                                  *
AB MCDONOUGH'S, INC., and         *
WILLIAM R. LEE, Sr.,              *
                                  *
     Defendants.                  *
```

**O R D E R**

Before the Court is Plaintiff's motion to enforce settlement agreement. (Doc. 28.) To date, Defendants have failed to oppose or otherwise respond to Plaintiff's motion. Accordingly, Plaintiff's motion is deemed unopposed. See LR 7.5, SDGa. Nevertheless, upon due consideration of the merits of Plaintiff's motion, the motion is **GRANTED**.

**I. BACKGROUND**

Plaintiff was employed in 2014 as a bartender by Defendant AB McDonough's, Inc., d/b/a Billy's Place ("McDonough's"). (Am. Compl., Doc. 19, ¶ 11.) Plaintiff alleges that, during the term of her employment, she was subjected to a hostile work environment and was sexually harassed by McDonough's owner, co-Defendant William R. Lee, Sr. (Id. ¶ 12.). Plaintiff also alleges that she was improperly forced to split her tips with

her manager, non-party Alan Larkin, in violation of the Fair Labor Standards Act ("FLSA").[1] (Id. ¶ 18.)

On May 16, 2016, Plaintiff initiated the present action against Defendants. (Doc. 1.) While discovery was ongoing, the parties entered settlement negotiations. On October 26, 2016, the parties – through their counsel of record – settled Plaintiff's claims through email. (Doc. 28, Exs. A-D.) The parties subsequently drafted a formal written settlement agreement to be executed by both parties, as well as a "confession of judgment" consent judgment to be entered in the Superior Court of Chatham County, Georgia in the event of Defendants' breach of the settlement agreement. (Id., Exs. E, F, G.) During the negotiation of this formal settlement agreement, Defendants' counsel attempted to insert an additional material term that had not been previously agreed to by Plaintiff on October 26, 2016; Plaintiff's counsel refused to include this additional term.[2] Nevertheless, on November 15,

---

[1] In addition to her claims for sexual harassment under Title VII and violation of the FLSA, Plaintiff also alleges claims for retaliation in violation of Title VII and Georgia common law claim for assault, battery, and intentional infliction of emotional distress. (See Am. Compl., generally.)

[2] In their email correspondence dated October 26, 2016, counsel agreed that, inter alia, there would be "[n]o disparagement in the future of [Plaintiff] by [Defendant Lee] or any manager or officer of [McDonough's]." (See Doc. 28, Ex. A; see also id., Exs. B-D.) In an email to Plaintiff's counsel dated November 11, 2016, Defendants' counsel stated that the formal settlement agreement proposal attached to an earlier email from Plaintiff's counsel was "pretty much fine," but requested that the aforementioned non-disparagement clause be made reciprocal. (Id., Ex. F.) Plaintiff's counsel refused this request, however, on the grounds that it was not part of the original agreement and that Plaintiff "must be able to address" various allegations made against Plaintiff during the course of this litigation and communicated to various third parties. (Id., Ex. G.) Shortly after receiving notice of this refusal, the parties' respective counsel spoke telephonically and agreed

2016, Defendants' counsel agreed to the terms of the formal written settlement agreement without this additional term. (Id., Exs. H, H-1.) Significantly, as part of the settlement agreement, Defendants were to make a total payment to Plaintiff in the amount of $103,000.00 by way of monthly payments; Defendants' first payment thereunder, in the amount of $4,291.67, was due on or before December 15, 2016. (Id., Exs. H-1.)

Plaintiff subsequently executed the settlement agreement (and "confession of judgment" consent judgment), electronic copies of which were sent to Defendants' counsel on or about November 28, 2016. (Id., Ex. I; see also id., Exs. J, K.) On December 14, 2016, Plaintiff's counsel emailed Defendants' counsel inquiring as to Defendants' execution of the settlement agreement and noting that the first payment thereunder was due the following day. (Id., Ex. K.) Later that same day, Defendants' counsel informed Plaintiff's counsel that Defendants intended to observe their obligations under the terms of the settlement agreement but were refusing to sign the settlement agreement without a confidentiality provision. (Id., Ex. O.) On December 15, 2016, Defendants had a check hand-delivered to the office of Plaintiff's counsel as per the terms of the settlement agreement. (Id.) On December 20, 2016, Plaintiff's

---

to proceed forward with the formal settlement agreement without the reciprocal non-disparagement clause and in the form and on the terms of the formal settlement agreement eventually signed by Plaintiff and provided to Defendants. (Id., Exs. H & H-1.)

3

counsel emailed Defendants' counsel stating that she had received the first payment under the settlement agreement but not the signed settlement agreement itself and that - if the signed agreement was not received by the following morning - she would be preparing a motion to enforce settlement and requesting attorney's fees in connection with that motion. (Id., Ex. N; see also id., Exs. L, M.) When Defendants failed to timely execute and return the settlement agreement, Plaintiff filed the present motion to enforce. (Doc. 28.)

## II. DISCUSSION

### A. Motion to Enforce Settlement Agreement

Federal courts "use the applicable state's contract law to construe and enforce settlement agreements." Vinnett v. Gen. Elec. Co., 271 F. App'x 908, 912 (11th Cir. 2008) (citing Ins. Concepts, Inc. v. W. Life Ins. Co., 639 F.2d 1108, 1111-12 (5th Cir. 1981)). Under Georgia law, "in order to succeed on a motion to enforce a settlement agreement, a party must show the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of the [non-movant's] case." DeRossett Enterprises, Inc. v. Gen. Elec. Capital Corp., 621 S.E.2d 755, 756 (Ga. Ct. App. 2005) (internal quotation and citation omitted). Because the same standards apply to a motion to enforce settlement

4

agreement as a motion for summary judgment, the Court views the evidence in the light most favorable to the non-moving party, Defendants. See id.

"A settlement agreement is a contract, and it must meet the same requirements of formation and enforceability as other contracts." Id. (internal quotation and citation omitted); see also Moreno v. Strickland, 567 S.E.2d 90, 92 (Ga. Ct. App. 2002) ("A definite offer and complete acceptance, for consideration, create a binding contract." (citation omitted)). "Only when a meeting of the minds exists will an agreement be formed." DeRossett Enterprises, Inc., 621 S.E.2d at 756. "However, the law favors compromise, and when parties have entered into a definite, certain, and unambiguous agreement to settle, it should be enforced." Id. (internal quotation, citation, and punctuation omitted); see also Scott v. Carter, 521 S.E.2d 835, 837 (Ga. Ct. App. 1999) ("Where the very existence of the [settlement] agreement is disputed, it may only be established by a writing. Ideally, the writing requirement will be met by a formal agreement signed by the parties. However, letters or documents prepared by attorneys which memorialize the terms of the agreement reached will suffice."). In Georgia, "an attorney's consent to [a settlement] agreement is binding on his client." Wong v. Bailey, 752 F.2d 619, 621 (11th Cir. 1985) (citing Stone Mountain Confederate Monumental Association v. Smith, 170 Ga. 515, 521, 153 S.E. 209, 211 (1930)).

5

Here, the Court finds that there was a meeting of the minds between the parties regarding settlement as reflected in the October 26, 2016 emails between the parties' respective counsel. (See Doc. 28, Ex. A-D.) This meeting of the minds was even further crystalized in the form of the formal written settlement agreement signed by Plaintiff which was delivered to Defendants on November 28, 2016, the form and content of which was agreed to by Defendants' counsel on November 15, 2016.[3] (Id., Exs. H, H-1, I.) Moreover, Plaintiff has fully evidenced – and the Court concludes – that there was an offer and complete acceptance, for consideration, and therefore a binding contract. See Moreno, 567 S.E.2d at 92. Defendants have made no attempt to contradict these showings or otherwise demonstrate a genuine issue of material fact. Therefore, Plaintiff is entitled to judgment in its favor on its motion to enforce settlement agreement.

### B. Motion for Sanctions

In addition to requesting the Court to enforce the parties' settlement agreement, Plaintiff has also requested the Court to require Defendants to pay that portion of Plaintiff's attorneys

---

[3] Even without the subsequent formal settlement agreement, the October 26, 2016 email exchanges between the parties' respective counsel (doc. 28, Exs. A-D) are themselves sufficiently definite, certain, and unambiguous to be enforceable as a settlement between the parties. See DeRossett Enterprises, Inc., 621 S.E.2d at 756; Moreno v. Strickland, 567 S.E.2d at 92; Scott v. Carter, 521 S.E.2d 835, 837. Notably, there is no material difference between the terms agreed to by the parties in the October 26, 2016 emails and the subsequent settlement agreement signed by Plaintiff and delivered to Defendants on November 28, 2016. (Compare Doc. 28, Ex. A, with id., Exs. H-1, I.)

6

fees associated with the preparation of Plaintiff's present motion. (Doc. 28, at 5-6.) Plaintiff's counsel has submitted an affidavit in support, attesting that 2.1 hours – at a rate of $200.00 per hour – was spent in preparing the motion. (Doc. 28, Ex. P.) Accordingly, Plaintiff requests that Defendants be obligated to pay Plaintiff $420.00 as sanctions for their bad faith refusal to sign the settlement agreement (which necessitated Plaintiff's present motion).

Notably, the route typically travelled in these circumstances in Georgia, O.C.G.A. § 9-15-14, "is unavailable to civil litigants in federal court." Bruce v. Wal-Mart Stores, Inc., 699 F. Supp. 905, 906 (N.D. Ga. 1988) (citing Union Carbide Corp. v. Tarancon Corp., 682 F. Supp. 535, 544 (N.D. Ga. 1988)). As well, sanctions under Federal Rule of Civil Procedure Rule 11 are unavailable because Plaintiff's request does not concern a pleading, written motion, or other paper filed by Defendants. See FED. R. CIV. P. 11(b) & (c). The federal courts, however, do have the inherent power to impose sanctions against a party for "litigation misconduct" where a party has acted in bad faith by, "*inter alia*, delaying or disrupting the litigation or hampering enforcement of a court order." Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1306 (11th Cir. 2009); see also Byrne v. Nezhat, 261 F.3d 1075, 1106 (11th Cir. 2001) ("This power is derived from the court's need to manage its own affairs so as to achieve

7

the orderly and expeditious disposition of cases. . . . One aspect of a court's inherent power is the ability to assess attorneys' fees and costs against the client or his attorney, or both, when either has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." (internal quotations and citations omitted)), *abrogated on other grounds by* Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146, 1151-52 (11th Cir. 2011). "This power, however, must be exercised with restraint and discretion." Eagle Hosp. Physicians, LLC, 561 F.3d at 1306 (internal quotations and citations omitted).

Here, the Court finds that Defendants have acted in bad faith in refusing to execute the formal settlement agreement and related "consent to judgment." It is clear from the evidence before the Court that the only reason for Defendants' refusal to execute these documents was to coerce Plaintiff to acquiesce to their attempts to renegotiate the terms of the otherwise finalized settlement agreement. Indeed, despite the parties having settled this case twice over, Defendants attempted to force a more-favorable third version through obstinacy. Plaintiff called their bluff, however, and was forced to expend further fees to put an end to Defendants' gamesmanship. That Defendants have not even attempted to mount a defense against Plaintiff's motion is also telling as to their bad faith.[4]

---

[4] Given that Defendants have failed to request an evidentiary hearing or otherwise controvert Plaintiff's evidence of its attorney's fees incurred in connection with its present motion, an evidentiary hearing is unnecessary

8

Accordingly, the Court exercises its calm discretion and awards Plaintiff her attorney's fees in the amount incurred to put an end to Defendants' frivolous and improper tactics.

### III. CONCLUSION

Upon the foregoing and due consideration, Plaintiff's Motion to Enforce Settlement Agreement and Motion for Sanctions (doc. 28) is **GRANTED**. **IT IS THEREFORE ORDERED** that the parties **SHALL** enter into and execute a settlement agreement (and "confession of judgment" consent judgment) in the form and on the terms set forth in Exhibit I to Plaintiff's Motion to Enforce Settlement Agreement (doc. 28, Ex. I) **within seven (7) days of the entry of this Order**. **IT IS FURTHER ORDERED** that Defendants **SHALL** tender the sum of $420.00 to Plaintiff as sanctions **within seven (7) days of the entry of this Order**. **IT IS FURTHER ORDERED** that, upon the full execution of the settlement agreement and the payment of the award of sanctions contemplated hereby, the parties **SHALL** execute and file with the Clerk a stipulation of dismissal with regards to this action.

---

given the level of detail provided in Plaintiff's supporting affidavit and the significantly increased costs to the parties that would be associated with a hearing hereon. See Aetna Ins. Co. v. Meeker, 953 F.2d 1328, 1335 (11th Cir. 1992) ("Where, as in this case, appellant did not request an evidentiary hearing and did not controvert appellee's affidavits which contained detailed information concerning the amount and the type of legal services provided by appellee's counsel, the district court did not abuse its discretion in failing to hold an evidentiary hearing.").

**ORDER ENTERED** at Augusta, Georgia, this 9th day of March, 2017.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA